UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
DIETMAR DETERING,

              Plaintiff,

  - against -

THE CITY OF NEW YORK,

              Defendant.

---------------------------------------------------------------- X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff Dietmar Detering, by and through his attorneys, Cohen&Green P.L.L.C., hereby complains of Defendants as follows:

### PARTIES

1. At all times mentioned herein, Plaintiff Dietmar Detering is and has been an adult resident of Queens County in the City, and State of New York.

2. At all relevant times mentioned herein, Defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by the virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including (but not limited to) the Office of Administrative Trials and Hearings ("OATH") and its employees.[1]

### JURISDICTION, VENUE, AND GENERAL MUNICIPAL LAW COMPLIANCE

---

[1] "OATH, [is] not [a] suable entit[y]." *Bey v City of NY*, 1998 US Dist LEXIS 23242, at *3 (SDNY Apr. 29, 1998). However, typically it is named in state law Article 78 proceedings. To the extent necessary, Plaintiff's naming of the City of New York should be deemed to include OATH, but given that OATH is not a suable entity, Plaintiff does not name OATH itself.

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

4. The federal civil rights claims in this action are brought pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant resides in this district and a substantial part of the events and/or omissions were committed in this district.

## STATEMENT OF FACTS

7. This case concerns the disposition of a set of summonses filed with OATH.

8. Those summonses are detailed in the attached **Schedule A** (the "Schedule A Summonses").

9. Plaintiff Detering is a New Yorker who has participated in New York City's citizen reporting provision in its Noise Code.

10. Boiled down, as provided by the statute, the program works as follows:

   a. A citizen may file a complaint for violations of the noise code with the Department of Environmental Protection ("DEP"), accompanied by evidence supporting that complaint.

   b. If the DEP deems the complaint meritorious, it may either pursue the complaint itself, serving a notice of violation, or it may sit back and allow the complainant to self-prosecute (if the complainant wants to).

   c. Either way, the complaint results in a summons before OATH, where it proceeds much like any case in any tribunal: Alleged noise polluters and Petitioner can attend a hearing, or the noise polluter can admit the violation; a party may appeal the result of a hearing, noise polluters default and face default judgments, and so on.

    d.   If DEP pursues and prevails on a complaint, the complaining citizen receives 25% of the proceeds (and the City keeps 75%); if the complaining citizen self-prosecutes, he or she receives 50% (and the City still keeps 50%).

11.    In 2024, the City Council passed Intro 1194-A or Local Law 16 of 2024 ("LL16").[2]

12.    LL16 amended the scheme above to, *inter alia*, cap citizen awards for certain kinds of complaints.

13.    Namely, it amended N.Y.C. Admin. C. (ss) 24-261 as follows (deletions bracked, additions underlined) – and added an unconsolidated provision (§ 2 below)

> (d) In any proceeding brought by the department after receiving a complaint pursuant to subdivision (a) of this section, the board shall award the complainant, out of the proceeds collected, fair and reasonable compensation, which shall not exceed [twenty-five] 25 percent of the proceeds collected, for disclosure of information or evidence not in the possession of the department, which leads to the imposition of the civil penalty; provided that for any proceeding brought by the department after receiving a complaint pursuant to subdivision (a) of this section alleging a violation of subdivision (b) of section 24-244, the board shall award the complainant, out of the proceeds collected, compensation in the amount of $5.

> (e) In any proceeding brought by a complainant, the board shall award, out of the proceeds collected, [fifty] 50 percent of any civil penalty as fair and reasonable compensation to such person; provided that for any proceeding brought by a complainant alleging a violation of subdivision (b) of section 24-244, the board shall award, out of the proceeds collected, compensation in the amount of $10 to such person.

> § 2. Notwithstanding the amount of the civil penalties described in table 1 of paragraph 5 of subdivision (b) of section 24-257 of the administrative code of the city of New York, the maximum amount of a civil penalty authorized to be imposed for a violation of subdivision (b) of section 24-244, in any proceeding commenced prior to the effective date of this local law pursuant to section 24-261 of such code for which a final decision and order has not been rendered prior to such date, shall be $50. § 3. This local law takes effect immediately.

14.    Put otherwise, it capped payments to reporters of certain noise code violations at $5 or $10, and capped penalties at $50 for certain violations.

---

[2] The method by which LL16 was passed was challenged in *Detering I*, discussed below.

15. All the Schedule A Summonses are for violations of section 24-244(b) of the Noise Code.

16. LL16 went into effect on January 29, 2024, when the law was filed with the New York Secretary of State.

17. The Schedule A Summonses can be broken down into the following groups:

   a. Summonses with hearing dates that took place before OATH prior to LL16 going into effect, where OATH made a finding of a violation ("Pre-LL16 Violation Summonses");

   b. Summonses with hearing dates that took place before OATH prior to LL16 going into effect, where the respondent defaulted ("Pre-LL16 Default Summonses"); and

   c. Summonses, based on complaints made prior to LL16 and commenced at OATH prior to LL16 yet with hearing dates technically set after LL16 went into effect, where the respondent admitted to or defaulted (thus admitting to) the violation and pays the asserted penalty without any hearing taking place ("Post-LL16 Admission Summonses").

18. Plaintiff previously brought a state court Article 78 proceeding, challenging LL16 as applied[3] to cases where hearings took place after LL16. That case was *Detering et al. v. NYC Env'l Con. Bd. et al.*, N.Y. Cty. Sup. Ct. Index No. 159847/2023 ("*Detering I*").

19. In a decision now on appeal, the Hon. Arlene P. Bluth, J.S.C., rejected in relevant part Plaintiff's challenge to the law as having an impermissible retroactive effect, reasoning as follows:

> And petitioners did not establish that there was any improper retroactive effect. The legislation applies only to summonses heard after the operative date; that is, the legislation does not attempt to claw back monies previously recovered by citizen complainants. Instead, it caps the amounts recoverable at $5 for proceedings brought by DEP and $10 for citizen initiated proceedings, and at $50 for violators where proceedings were commenced prior to the effect[ive] date but where a resolution has not yet been reached

---

[3] This description is not intended to be exhaustive of the claims in that case.

4

*Detering I,* NYSCEF Doc No. 153 at 6.

20. That is, Justice Bluth reasoned that LL16 was not retroactive in a pernicious way, specifically because it "applies *only* to summonses *heard after the operative date*." *Id.* (emphasis added).

21. And because part of the claim there was the reliance on the law and labor put into pursuing summonses at hearings, Justice Bluth's reasoning appears to rely heavily on reading LL16 to only apply where "proceedings were commenced prior to the effect[ive] date but where a resolution has not yet been reached." *Id.*

22. At issue here, but not in *Detering I*, are the Schedule A Summonses where OATH has gone further.

23. Rather than merely applying the LL16 caps to summonses "heard after the operative date" and "where a resolution has not yet been reached" (*id.*), for the Schedule A Summonses OATH has applied the LL16 caps to summonses (1) where a hearing was held (or an appeals decision rendered) before LL16 went into effect (e.g., the Pre-LL16 Violation Summonses); (2) where a hearing was scheduled prior to LL16 going into effect, but respondent defaulted obviating any need for a hearing (e.g., the Pre-LL16 Default Summonses); and (3) where hearing dates for Summonses, based on complaints made prior to LL16 and commenced at OATH prior to LL16, were technically set after LL16 went into effect, but where the respondent either admitted to the violation or defaulted on it and will pay the penalty, making that hearing date a nullity (e.g., the Post-LL16 Admission Summonses).

24. Under the reasoning in *Detering I*, the Schedule A Summonses should not have LL16 caps at all.

25. For a number of the Schedule A Summonses where OATH has collected funds, Plaintiff has requested full payment, 25% or 50% of all moneys collected under the summons, as appropriate.

26. For those Schedule A Summonses, OATH has instead scheduled and disbursed LL16-capped payments.

27. Plaintiff objected, and cited the language of *Detering I*.

28. OATH has refused to pay Detering his award for any of the Schedule A Summonses where payment has been collected, except with LL16 caps.

29. Plaintiff, in reliance on the pre-LL16 law, expended significant funds, work, and time in enforcing the Noise Code.

30. Plaintiff had a reasonable expectation that he would be paid for that work in keeping with the pre-LL16 legal regime, and that the government would not renege on the bargain – at least as to work already done.

31. Defendant City of New York has, in handling the hundreds of summonses, applied an official policy and practice of applying LL16 to the (1) Pre-LL16 Violation Summonses; (2) Pre-LL16 Default Summonses; and (3) Post-LL16 Admission Summonses.

32. Agents of the City of New York, working at OATH, confirmed to Plaintiff in rejecting his requests for full payment that this was the official policy and practice of the City.

33. Local Law 16 was passed targeting Plaintiff and those like him personally.

34. DEP advocated for the bill with the City Council discussing Plaintiff specifically.[4]

---

[4] *See, e.g.,* Chris Glorioso and Eduardo Gonzalez Quintero, *How one NYC resident makes a living writing thousands of noise tickets*, New York 4 (Jun. 23, 2023), https://www.nbcnewyork.com/news/local/i-team-how-one-nyc-resident-makes-a-living-writing-thousands-of-noise-tickets/4448563/ (DEP quoted as saying "We look forward to working with the City Council to make common-sense changes to the noise code" because "Citizen enforcers driven by profit don't exercise the judgment and discretion that DEP enforcement agents use").

35. DEP's goal in that advocacy was to abrogate Plaintiff's reasonable financial expectations.

### FIRST CLAIM FOR RELIEF
*Takings*
*Pursuant to 42 U.S.C. § 1983 for Defendant's Violations of Plaintiff's Rights Under the Fifth and Fourteenth Amendments to the United States Constitution*

36. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

37. Defendant's application of the LL16 caps on payment, for work already completed, hearings already held, and final results already entered, constitutes a taking of a property right.

38. Defendant has not offered just compensation for that taking.

39. The reasonable value of Plaintiff's work in connection with the Schedule A Summonses is what he would have received prior to LL16.

40. Defendant has refused to make that payment.

41. Plaintiff is entitled, for the Schedule A Summonses where payment from the noise code violator has been collected by the City, to what he would have received prior to LL16, that is 25% or 50% of all moneys ultimately received under such summons as appropriate, as just compensation.

42. For Schedule A Summonses where the City has made no payment to Plaintiff yet, or incomplete payment, or has not yet collected full penalty payments from respondents, Plaintiff is entitled to an injunction requiring payment under the law as it existed prior to LL16, that is 25% or 50% of all moneys ultimately received under such summons, as appropriate.

### SECOND CLAIM FOR RELIEF
*Contracts Clause / Bill of Attainder*

7

*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Article I and the Fourteenth Amendments to the United States Constitution*

43.　Plaintiff hereby realleges and incorporates all of the preceding paragraphs as though they were fully set forth herein.

44.　Defendant's application of the LL16 caps on payment, for work already completed, hearings already held, and final results already entered, impairs the actual or implied contract for Plaintiff's labor under the prior legal regime, and is in violation of the Contract Clause.

45.　In the alternative, to the extent it applies to the Schedule A Summonses, LL16 is an unconstitutional bill of attainder, directed specifically at Plaintiff.

46.　Plaintiff is entitled, for the Schedule A Summonses where payment has been collected, to what he would have received prior to LL16, because of that interference.

47.　For Schedule A Summonses where the City has not yet collected, Plaintiff is entitled to an injunction requiring payment under the law as it existed prior to LL16.

### THIRD CAUSE OF ACTION
*State Law Article 78: Arbitrary and Capricious / Ultra Vires*

48.　Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

49.　By applying the LL16 caps to those of the Pre-LL16 Default Summonses and Pre-LL16 Violation Summonses where it has collected payment, and to the Post-LL16 Admission Summonses, the City has acted in a manner that is arbitrary, capricious, and an abuse of discretion, in violation of CPLR 7803(3).

50.　Because, per *Detering I*, LL16 only applies where "proceedings were commenced prior to the effect[ive] date but where a resolution has not yet been reached," to apply it to

proceedings where a resolution *was* reached — whether by hearing, default, or admission — before the effective date is ultra vires.

51. Plaintiff is entitled to have those determinations set aside and annulled.

## JURY DEMAND

52. Plaintiff requests a jury trial on all issues capable of being tried and determined by a jury pursuant to Fed. R. Civ. P. 38.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against the individual Defendants and the City of New York as follows:

i. Actual damages in an amount to be determined at trial;

ii. Injunctive relief barring Defendant from applying LL16 caps to any of the Schedule A Summonses on which Defendant collects funds going forward;

iii. Statutory attorney's fees, disbursements, and costs of the action pursuant to, *inter alia,* 42 U.S.C. § 1988 and New York common law; and

iv. Such other relief as the Court deems just and proper.

Dated: Queens, New York
March 13, 2025

**COHEN&GREEN P.L.L.C.**

By:\_\_\_\_\_/s/_____
J. Remy Green

1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
remy@femmelaw.com

**GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Plaintiff*

10

# **<u>SCHEDULE A</u>**