

June 30, 2025

Hon. Katherine Polk Failla
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 25-cv-2100(KPF), <u>Detering v City of New York</u>

Dear Judge Failla:

    My firm, with co-counsel, represents Plaintiff in the case named above. Pursuant to the Court's Individual Practices and Order at ECF No. 8, I write jointly with counsel for Defendant to provide various information in advance of the initial pretrial conference, currently scheduled for July 9, 2025.

### I. A brief statement of the nature of the action.

    There are only minimal — if any — fact issues in this case.[1]

    By way of background, Plaintiff has reported thousands of noise violations to the New York City Department of Environmental Protection ("DEP") under the City's Citizen Complaint program. *See* ECF No. 2. Under this program, DEP evaluates any reported noise violation and either issues a summons and subsequently prosecutes this summons before the New York City Office of Administrative Trials and Hearings or, in some cases, allows Plaintiff to issue and prosecute the summons for the reported noise violation. This program previously entitled Plaintiff to 25% or 50% of penalties collected on those successfully prosecuted summonses with no monetary cap on the amount that could be collected. In 2023, the New York City Council passed Local Law 16 ("LL16"), which reduced the amount Plaintiff would be entitled to for those successfully prosecuted summonses to a nominal $5 or $10 (while it previously would have been hundreds or thousands of dollars). LL16 took effect in January of 2024. As relevant here, the summons at issue were served, and hearings were held (or default/admissions of liability occurred) *before* LL16 took effect. *See, e.g.,* ECF No. 1 ¶ 23.

    The substance of the legal dispute in the case is whether the application of LL16 to the summonses detailed in ECF No. 2, constituted an unconstitutional taking or other Constitutional violation.

---

[1] Defendants reserve the right to dispute these facts should its anticipated pre-answer motion be denied.



### II. A brief explanation of why jurisdiction and venue lie in this Court.

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a). The relevant facts largely took place in this District, including the passage of LL16 and the decision to apply LL16 to the summonses detailed in ECF No. 2.

### III. A statement of all existing deadlines, due dates, and/or cut-off dates.

Defendant's deadline to answer or otherwise move is July 9, 2024.  There are no other current deadlines.

### IV. A brief description of any outstanding motions.

There are currently no outstanding motions although Defendant will be filing a request for a pre-motion conference to discuss an anticipated pre-answer motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiff is likely to cross move for summary judgment on any motion to dismiss, given that Plaintiff contends that the relevant facts are not in dispute (and would largely be judicially noticeable anyway).

### V. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.

No discovery has taken place yet.  Plaintiff does not believe any discovery is necessary to engage in meaningful settlement negotiations.  Defendant agrees and reserves its right to move for a stay of discovery pending the determination of its anticipated motion to dismiss.

### VI. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.

Defendant believes a settlement conference may be appropriate should Defendant's pre-answer motion to dismiss be denied.  Plaintiff is open to one at the Court's convenience.  While no settlement discussions have taken place yet, Plaintiff believes that the framework for such discussions (and therefore, his demand) is essentially set by the Citizen Complaint program.

### VII. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Plaintiff believes at least some of the claims here might be resolvable on immediate cross-motions for summary judgment:  From Plaintiff's perspective, outside of the certain facts relevant to Count II, there are no real fact issues, and only legal disputes.  And depending on the resolution of Count I, the Contracts Clause parts of II, and III, settlement may be relatively simple without needing to go further into the discovery relevant for the bill of attainder claim in Count II.  Plaintiff

COHEN&GREEN

Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



is of the opinion that there is little point in holding back cross-motions for summary judgment on undisputed, judicially noticeable facts[2] for the relevant claims. Thus, Plaintiff believes that a decision rejecting a motion to dismiss may entail the legal conclusions that could compel granting Plaintiff's cross-motion for summary judgment.

Defendant avers that many, if not all of the issues raised by Plaintiff may be resolved by the anticipated pre-answer motion to dismiss.

The parties thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[2] E.g., things like the fact that the summons at issue were served, and hearings were held (or default/admissions of liability occurred) before LL16 took effect, that Defendant has not paid Plaintiff, etc.

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com