UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

DIETMAR DETERING,

                                              Plaintiff,

                                                                      No. 25-cv-2100

                    -against-

THE CITY OF NEW YORK,

                                              Defendant.

--------------------------------------------------------------------x

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT</u>

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007
(212) 356-2633
smotel@law.nyc.gov

MICHELLE GOLDBERG-CAHN,
MARK MUSCHENHEIM,
SETH MOTEL,
                    Of Counsel.

October 10, 2025

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

FACTUAL BACKGROUND .............................................................................. 1

ARGUMENT ....................................................................................................... 3

              STANDARD OF REVIEW ............................................................... 3

I.     OF THE 1,009 SUMMONSES LISTED, ONLY 47 ARE RIPE. ........................................................................................................ 3

II.    SEVERAL CLAIMS ARE BARRED BY ISSUE PRECLUSION. ............................................................................................ 4

III.   DETERING HAS NOT STATED CONTRACTS CLAUSE OR BREACH-OF-CONTRACT CLAIMS. ........................................... 6

IV.   DETERING HAS NOT STATED A TAKINGS CLAUSE CLAIM. ..................................................................................................... 8

V.    DETERING HAS NOT STATED AN UNCONSTITUTIONAL-RETROACTIVITY CLAIM. .................................... 12

VI.   DETERING HAS NOT STATED A BILL OF ATTAINDER CLAIM. ................................................................................. 13

        A.   CLAIM PRECLUSION BARS DETERING FROM PURSUING THIS CLAIM. ............................................................. 14

        B.   THE CLAIM ALTERNATIVELY SHOULD BE DISMISSED ON THE MERITS. .............................................................. 15

VII.  DETERING HAS NOT STATED A "STATE-LAW QUASI-CONTRACT/QUANTUM MERUIT/UNJUST ENRICHMENT" CLAIM. ............................................................................ 16

VIII. DETERING HAS NOT STATED A STATE-LAW "ARTICLE 78" CLAIM. .............................................................................. 17

CONCLUSION .................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**                                                                 **Pages**

1256 Hertel Ave. Assocs., LLC v. Calloway,
    761 F.3d 252 (2d Cir. 2014)...................................................................9

34-06 73, LLC v. Seneca Ins. Co.,
    198 N.E.3d 1282 (N.Y. 2022)...............................................................6

4040 BA LLC v. N.Y. State Div. of Hous. & Comm. Renewal,
    198 N.Y.S.3d 69 (App. Div. 1st Dep't 2023) .........................................13

Aaron Manor Rehab. & Nursing Ctr., LLC v. Zucker,
    241 N.E.3d 136 (N.Y. 2024)...............................................................13

ACORN v. United States,
    618 F.3d 125 (2d Cir. 2010)...........................................................14, 16

Alamo v. McDaniel,
    841 N.Y.S.2d 477 (App. Div. 1st Dep't 2007) .....................................13

Allied Structural Steel Co. v. Spannaus,
    438 U.S. 234 (1978)............................................................................6

Am. Econ. Ins. Co. v. State,
    87 N.E.3d 126 (N.Y. 2017).............................................................9, 12

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)............................................................................3

Becker v. Huss Co.,
    373 N.E.2d 1205 (N.Y. 1978)..............................................................9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)............................................................................3

Birmingham v. Ogden,
    70 F. Supp. 2d 353 (S.D.N.Y. 1999)....................................................18

Brooks v. Dunlop Mfg.,
    702 F.3d 624 (Fed. Cir. 2012)............................................................11

Cartagena v. City of New York,
    257 F. Supp. 2d 708 (S.D.N.Y. 2003)..............................................17–18

Columbia Mem'l Hosp. v. Hinds,
    192 N.E.3d 1128 (N.Y. 2022)........................................................16, 17

**Cases**                                                                                                      **Pages**

Commco, Inc. v. Amelkin,
    465 N.E.2d 314 (N.Y. 1984)...................................................................................18

Conason v. Megan Holding, LLC,
    29 N.E.3d 215 (2015)........................................................................................13

Consol. Edison Co. of N.Y. v. Pataki,
    292 F.3d 338 (2d Cir. 2002)..........................................................................14, 16

Cook v. City of Binghamton,
    398 N.E.2d 525 (N.Y. 1979)..........................................................................6–7

Corsello v. Verizon N.Y., Inc.,
    967 N.E.2d 1177 (N.Y. 2012)..........................................................................17

D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.,
    564 N.E.2d 634 (N.Y. 1990)..............................................................................4

DeFoe Corp. v. N.Y.C. Dep't of Transp.,
    665 N.E.2d 158 (N.Y. 1996)..............................................................................8

Detering v. N.Y.C. Env't Control Bd.,
    No. 159847/2023 (Sup. Ct. N.Y. Cnty. June 13, 2024)).................................... *passim*

Dimartile v. Hochul,
    80 F.4th 443 (2d Cir. 2023) ............................................................................17

Doe v. N.Y. Univ.,
    537 F. Supp. 3d 483 (S.D.N.Y. 2021)..............................................................17

Donohue v. Cuomo,
    980 F.3d 53 (2d Cir. 2020)................................................................................6

Georgia Malone & Co. v. Rieder,
    973 N.E.2d 743 (N.Y. 2012)............................................................................16

Goel v. Bunge, Ltd.,
    820 F.3d 554 (2d Cir. 2016)..............................................................................1

Granada Bldgs., Inc. v. City of Kingston,
    444 N.E.2d 1325 (N.Y. 1982)............................................................................8

Handy v. Cnty. of Schoharie,
    665 N.Y.S.2d 708 (App. Div. 3d Dep't 1997)...................................................7

**Cases**                                                                      **Pages**

Hoblock v. Albany Cnty. Bd. of Elections,
    422 F.3d 77 (2d Cir. 2005)..........................................................................4

Islamic Cmty. Ctr. for Mid Westchester v. City of Yonkers Landmark Pres. Bd.,
    258 F. Supp. 3d 405 (S.D.N.Y. 2017), aff'd, 742 F. App'x 521 (2d Cir. 2018).......................3

JFK Holding Co. v. City of New York,
    891 N.Y.S.2d 32 (App. Div. 1st Dep't 2009) .....................................................8, 17

Keiler v. Harlequin Enters.,
    751 F.3d 64 (2d Cir. 2014)..........................................................................3

Klein & Co. Futures Inc. v. Bd. of Trade,
    464 F.3d 255 (2d Cir. 2006)........................................................................16

Kurcsics v. Merchs. Mut. Ins. Co.,
    403 N.E.2d 159 (N.Y. 1980)........................................................................19

Landgraf v. Usi Film Prods.,
    511 U.S. 244 (1994)..............................................................................9, 12

Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,
    969 F.2d 1384 (2d Cir. 1992)........................................................................5

Lighthouse Pointe Prop. Assocs. LLC v. N.Y. State Dep't of Env't Conservation,
    897 N.Y.S.2d 693 (2010).........................................................................19

Lucchese v. Carboni,
    22 F. Supp. 2d 256 (S.D.N.Y. 1998).................................................................18

Mandarin Trading Ltd. v. Wildenstein,
    944 N.E.2d 1104 (N.Y. 2011)......................................................................17

Med. Soc'y v. Sobel,
    600 N.Y.S.2d 177 (App. Div. 3d Dep't 1993).........................................................7

Mendez v. Banks,
    65 F.4th 56 (2d Cir. 2023) .........................................................................3

Nat'l Org. for Marriage, Inc. v. Walsh,
    714 F.3d 682 (2d Cir. 2013)........................................................................3

Nixon v. Adm'r of Gen. Servs.,
    433 U.S. 425 (1977)..............................................................................14

**Cases**                                                                                                          **Pages**

Paramount Pictures Corp. v. Allianz Risk Transfer AG,
    96 N.E.3d 737 (N.Y. 2018) ................................................................................14

Regina Metro. Co. v. N.Y. State Div. of Hous. & Comm. Renewal,
    154 N.E.3d 972 (N.Y. 2020) ....................................................................12, 13

Retired Pub. Emps. Ass'n v. Cuomo,
    995 N.Y.S.2d 757 (App. Div. 3rd Dep't 2014) ...........................................7

United States ex rel. Rodriguez v. Wkly. Publ'ns, Inc.,
    144 F.2d 186 (2d Cir. 1944) .....................................................................11

S. T. Grand, Inc. v. City of New York,
    298 N.E.2d 105 (N.Y. 1973) ....................................................................17

Sveen v. Melin,
    584 U.S. 811 (2018) ...................................................................................6

Tesser v. Allboro Equip. Co.,
    756 N.Y.S.2d 253 (App. Div. 2d Dep't 2003) ...........................................17

Vt. Agency of Natural Res. v. United States ex rel. Stevens,
    529 U.S. 765 (2000) .................................................................................11

Walton v. N.Y. State Dep't of Corr. Servs.,
    863 N.E.2d 1001 (N.Y. 2007) ...................................................................18

**Statutes**

28 U.S.C. § 1367(c) ...............................................................................................16

31 U.S.C. § 3729 ...................................................................................................18

31 U.S.C. § 3730(b) ..............................................................................................11

31 U.S.C. § 3730(d) ..............................................................................................11

CPLR § 217(1) .......................................................................................................18

Fed. R. Civ. P. 8(c) ................................................................................................13

Fed. R. Civ. P. 12(b) ...............................................................................................3

N.Y.C. Admin. Code § 24-202 ...............................................................................1

N.Y.C. Admin. Code § 24-216 ...............................................................................8

N.Y.C. Admin. Code § 24-244(b) ................................................................... *passim*

N.Y.C. Admin. Code § 24-257(b)(5) ..............................................................2, 9, 10

N.Y.C. Admin. Code § 24-261 ........................................................................ *passim*

N.Y.C. Admin. Code § 24-261(a) .....................................................................2, 10

N.Y.C. Admin. Code § 24-261(b) ..............................................................2, 9, 10, 12

N.Y.C. Admin. Code § 24-261(c) .......................................................................9, 12

N.Y.C. Admin. Code § 24-261(d) .........................................................3, 7, 9, 10, 12

N.Y.C. Admin. Code § 24-261(e) .............................................................3, 7, 10, 12

N.Y. C.P.L.R. § 7802(a) ........................................................................................18

N.Y. C.P.L.R. § 7803(3) ..................................................................................17, 18

**<u>Other Authorities</u>**

N.Y.C. City Charter § 328(a) .................................................................................................8

N.Y.C. City Charter § 394(b) .................................................................................................8

N.Y.C. L.L. 16/2024, § 1 ...................................................................................................2, 10

U. S. Const. art. I § 9 .............................................................................................................13

U. S. Const. art. I § 10......................................................................................................6, 13

Defendant City of New York ("City")|, by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, submits this Memorandum of Law in support of its Motion to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff Dietmar Detering believes that he is entitled to more money for being a so-called citizen enforcer against businesses allegedly in violation of the City Noise Control Code, N.Y.C. Admin. Code §§ 24-201–270. See Am. Compl. ¶¶ 9–11. The instant suit makes many of the same arguments that were rejected in a decision and order issued in state court (which he has appealed). Am. Compl. ¶ 64. See Detering v. N.Y.C. Env't Control Bd., No. 159847/2023, NYSCEF Doc. No. 153 (Sup. Ct. N.Y. Cnty. June 13, 2024) (Detering I), appeal docketed, No. 2024-04806 (N.Y. App. Div. 1st Dep't Jan. 15, 2025) (Motel Decl. Ex. A).[1] Detering's previous arguments are unavailing here, as are his new contentions, such as a bill of attainder claim. Because the Amended Complaint lacks merit, it should be dismissed on all counts.

## FACTUAL BACKGROUND

The Noise Control Code establishes a comprehensive program for reducing excessive noise in the City and is enforced by the City's Department of Environmental Protection ("DEP"). Am. Compl. ¶ 12; N.Y.C. Admin. Code § 24-202. The Office of Administrative Trials and Hearings ("OATH") is the City agency responsible for the administration of adjudicatory hearings, and the Environmental Control Board ("ECB") within OATH enforces the provisions related to noise pollution and conducts the proceedings for violations thereof, among other things.

---

[1] The Amended Complaint relies on portions of this decision and order and incorporates the document by reference. See, e.g., Am. Compl. ¶¶ 64–67 (quoting from and otherwise describing the state-court decision); Am. Compl. ¶ 68; ("At issue here, but not in Detering I . . . ."); Am. Compl. ¶ 70 ("Under the reasoning in Detering I . . . ."); Am. Compl. ¶ 99 ("[B]ecause of Detering I . . . ."). Defendant respectfully requests that judicial notice be taken of that state-court decision. See Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).

Am. Compl. ¶ 12; N.Y.C. City Charter §§ 1048(a), 1049-a(c)(1)(d), (d)(1)(a).[2] The Noise Control Code includes a prohibition on the use of "any sound reproduction device, for commercial or business advertising purposes . . . outside or in front of any building, place or premise . . . abutting on or adjacent to a public street." Am. Compl. ¶ 15; N.Y.C. Admin. Code § 24-244(b).

       The Noise Control Code allows citizens to enforce some of its provisions, including § 24-244(b). Am. Compl. ¶¶ 12, 15, 21, 39; N.Y.C. Admin. Code § 24-261(a). In short, a citizen complainant first serves a complaint on DEP, affording the agency an opportunity to review the matter. Am. Compl. ¶ 15; N.Y.C. Admin. Code § 24-261(a). Then, the agency can serve a written notice on the complainant that it determines the complaint to be "frivolous or duplicitous." N.Y.C. Admin. Code § 24-261(b)(2). If DEP does not do so within thirty days, the agency may choose to prosecute the offense instead of the citizen complainant or it may intervene in a future proceeding. Am. Compl. ¶¶ 12, 15; N.Y.C. Admin. Code § 24-261(b)(1), (c). Whether the citizen complainant or DEP prosecutes the alleged violation, if a violation has been established, the ECB may "remit, in whole or in part [the] penalty if, at the conclusion of the hearing or at the time of the board determination . . . , the respondent is no longer in violation." N.Y.C. Admin. Code § 24-257(b)(5).

       The City Council enacted Local Law 16 of 2024, effective January 2024. Am. Compl. ¶¶ 13–15, 18; N.Y.C. L.L. 16/2024. Prior to Local Law 16's amendments to § 24-261, that provision provided that for § 24-244(b) enforcement actions, the ECB shall award the citizen complainant "out of the proceeds collected, fair and reasonable compensation, which shall not exceed twenty-five percent of the proceeds collected" (for actions prosecuted by DEP) or "out of the proceeds collected, fifty percent of any civil penalty" (for actions prosecuted by the citizen complainant). Am Compl. ¶ 15; N.Y.C. L.L. 16/2024, § 1. Administrative Code § 24-261 now

---

[2] As the ECB is part of OATH, references to the ECB may also include OATH.

provides that, if a penalty is imposed based on an enforcement action under § 24-244(b), the ECB shall—"out of the proceeds collected"—award the citizen complainant $5 (for actions prosecuted by DEP) or $10 (for actions prosecuted by the citizen complainant). Am. Compl. ¶ 15; N.Y.C. Admin. Code § 24-261(d), (e).

## ARGUMENT

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept the facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. See Keiler v. Harlequin Enters., 751 F.3d 64, 68 (2d Cir. 2014). A complaint must nevertheless "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).

## I.    OF THE 1,009 SUMMONSES LISTED, ONLY 47 ARE RIPE.

The vast majority of summonses listed by Detering are not ripe for review and therefore the challenges to them must be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Islamic Cmty. Ctr. for Mid Westchester v. City of Yonkers Landmark Pres. Bd., 258 F. Supp. 3d 405, 413, 415–17 (S.D.N.Y. 2017), aff'd, 742 F. App'x 521 (2d Cir. 2018). For a claim to be ripe, "it must present a real, substantial controversy, not a mere hypothetical question. . . . A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Mendez v. Banks, 65 F.4th 56, 60 (2d Cir. 2023) (quoting Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 687 (2d Cir. 2013)).

Detering challenges each summons for which a violation was sustained or for which a default was issued for failure to appear at a pre-Local Law 16 hearing. See Am. Compl. ¶¶ 7–8, 19. He lists 47 instances in which he requested the collected proceeds and OATH awarded him $5 or $10; however, Detering states that the other 962 summonses (or 95.3% of the total) have never resulted in collected proceeds. See Am. Compl. Sched. A; see also Am. Compl. ¶¶ 71–72. Of the 47 ripe challenges, he prosecuted the summons in 39 instances while DEP prosecuted the other 8 summonses. See Am. Compl. Sched. A. As for the remaining 95.3%, Detering has only a hypothetical claim, especially since many of the violations are at least two years old, the penalties have yet to be collected, and about 90% of those penalties stem from default judgments. See id. Perhaps those reasons explain why Detering does not indicate the value of his alleged property interest, only that it can be "easily calculated." Am. Compl. ¶ 91.

As Detering's claim that he is owed payment on these summonses is hypothetical, they are not ripe for review and the Court does not have subject-matter jurisdiction to adjudicate 962 of the challenges. These unripe claims should be dismissed.

## II.    SEVERAL CLAIMS ARE BARRED BY ISSUE PRECLUSION.

The doctrine of issue preclusion, or collateral estoppel, is based on the principle that a party "should not be permitted to relitigate an issue decided against it." D'Arata v. N.Y. Cent. Mut. Fire Ins. Co., 564 N.E.2d 634, 636 (N.Y. 1990). When ruling on an issue of preclusion based on a state-court decision, federal courts apply the rules of the state in which the earlier judgment was issued. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 93 (2d Cir. 2005). Under New York law, (1) "the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action" and (2) "the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination." D'Arata, 564 N.E.2d at 636.

Detering sought in state court to invalidate Local Law 16 on several grounds. Among other arguments, Detering asserted in his amended complaint there that the statute violated the Takings Clause and its state-law analogue. Motel Decl. Ex. B ¶¶ 15, 181.[3] He also asserted that Local Law 16 violated the Contracts Clause of the Federal Constitution. Id. ¶¶ 15, 179–80. The *Detering I* court firmly rejected those arguments. Overall, the court held, Detering "failed to state a viable claim for a constitutional violation." Motel Decl. Ex. A, at 5. The state court rejected the argument that the government took Detering's private property without just compensation, holding that Detering had "no vested property interest in the right to recover a certain amount of fines levied against businesses who violate the Noise Code." Id. at 5. *Detering I* also held that the citizen enforcement provision had not created a contract "that could form the basis of a constitutional cause of action"—and that there were "no contracts created between [the parties]" whatsoever. Id. at 5–6.

In so holding, the state court "necessarily decided" that Detering had neither a vested property interest nor a contractual relationship with the City. Those issues are decisive in the current action in regard to the two causes of action based on a contract (the breach-of-contract and Contracts Clause claims) as well as the Takings Clause cause of action. And Detering is exercising his "full and fair opportunity" to litigate these issues in the state court since he is appealing the decision. Therefore, Detering should be precluded from litigating these issues for a second time after losing the first time.

---

[3] Defendant respectfully requests that the Court take judicial notice of the operative state-court complaint. See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992).

### III.    DETERING HAS NOT STATED CONTRACTS CLAUSE OR BREACH-OF-CONTRACT CLAIMS.

Assuming arguendo that Detering's Contracts Clause and breach-of-contracts claims are not barred by issue preclusion, the Amended Complaint still fails to state a claim in either instance. The Contracts Clause lacks merit. And to the extent the Court retains supplemental jurisdiction over state-law claims, which it should not, see infra, the breach-of-contracts claim is meritless as well.

Detering brings both a claim under the Contracts Clause of the Federal Constitution and a state-law claim for breach of contract. A Contracts Clause claim analyzes whether a state has "pass[ed] any . . . Law impairing the Obligation of Contracts.'" Sveen v. Melin, 584 U.S. 811, 818 (2018) (quoting U. S. Const., art. I, § 10, cl. 1). Under New York law, a breach of contract requires 1) the existence of a contract between a plaintiff and a defendant, 2) performance of the contractual obligations by the plaintiff, 3) lack of performance of the contractual obligations by the defendant, and 4) damages resulting from the defendant's breach. 34-06 73, LLC v. Seneca Ins. Co., 198 N.E.3d 1282, 1287 (N.Y. 2022). In both instances, whether a contractual obligation exists is determined according to state law. Donohue v. Cuomo, 980 F.3d 53, 65 (2d Cir. 2020) (stating that a breach-of-contract claim must be analyzed under state law); id. at 66 ("[O]nly those arrangements enforceable as contractual obligations under state law are protected by the Contract Clause against impairment.").

"The threshold issue [in a Contracts Clause claim] is whether the state law has 'operated as a substantial impairment of a contractual relationship.'" Sveen v. Melin, 584 U.S. 811, 819 (2018) (quoting Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 (1978)). Under New York law, a litigant who claims to have a contractual relationship with a governmental entity must show that the legislature clearly intended to bind itself to such obligation. Cook v. City

of Binghamton, 398 N.E.2d 525, 528 (N.Y. 1979). That party must overcome a strong presumption to the contrary. Med. Soc'y v. Sobel, 600 N.Y.S.2d 177, 179 (App. Div. 3d Dep't 1993).

The Amended Complaint argues that each payment from OATH to Detering "impairs the actual or implied contract for Plaintiff's labor under the prior legal regime." Am. Compl. ¶ 102. But Detering has not pleaded that a contractual relationship ever existed because he asserts no plausible facts that the City Council clearly intended via the Noise Control Code for the City to enter into a contract with him. In Cook, for instance, the Court of Appeals held that a New York disability-benefit statute providing that injured firefighters "shall be paid . . . the full amount of his regular salary or wages" did not create a contract between the state and the firefighters, reasoning that the statute solely "expresse[d] a public policy as determined by the Legislature." 398 N.E.2d at 526, 528. As such, the state's reduction of the benefits did not affect any contractual obligation. Id. at 528. Similarly, other New York courts have held that no contractual relationships were affected by the legislature's reduced contributions to the health insurance benefits of various retired governmental employees. See Retired Pub. Emps. Ass'n v. Cuomo, 995 N.Y.S.2d 757, 761 (App. Div. 3rd Dep't 2014); Handy v. Cnty. of Schoharie, 665 N.Y.S.2d 708, 709 (App. Div. 3d Dep't 1997).

Applying those principles here, neither the pre-amended nor post-amended § 24-261 contains "'words of contract' or employ *any terms* that signal an intent to create a contractual or vested right." See Retired Pub. Emps. Ass'n, 995 N.Y.S.2d at 761 (emphasis added) (quoting Cook, 398 N.E.2d at 528). Rather, § 24-261 reflects a public policy that was "subject to later change at the will of the Legislature." See id. The Noise Control Code simply provides that citizen complainants may enjoy a portion "out of the proceeds collected" from penalties. N.Y.C. Admin. Code § 24-261(d), (e). Section 24-261 does not use the word "contract" or contain any

language whatsoever that indicates the existence of a contract; rather, it authorizes a citizen complaint and specifies the division of any collected proceeds.[4] The point of the citizen enforcement provision is to incentivize individuals to help advance the public interest in abating unreasonable noise. Detering cannot rebut the strong presumption that the City Council was expressing a public policy that could change rather than binding itself from amending § 24-261.

There is one final hurdle that Detering cannot overcome. Any agreement between Detering and the City would not be a valid contract because it would not meet the requirements governing contract procurement set forth in the City Charter. See JFK Holding Co. v. City of New York, 891 N.Y.S.2d 32, 34 (App. Div. 1st Dep't 2009) ("[A]ny enforceable agreement with the City must be in writing, approved as to form by the Corporation Counsel, and registered with the Comptroller."); N.Y.C. City Charter §§ 328(a), 394(b); see also Granada Bldgs., Inc. v. City of Kingston, 444 N.E.2d 1325, 1326 (N.Y. 1982) ("Municipal contracts which violate express statutory provisions are invalid."); DeFoe Corp. v. N.Y.C. Dep't of Transp., 665 N.E.2d 158, 161 (N.Y. 1996). Since there was never a written agreement complying with the City's statutory requirements, no contractual relationship existed between Detering and the City.

For those reasons, Detering's Contracts Clause claim fails. There can be no breach-of-contract claim either.

## IV.    DETERING HAS NOT STATED A TAKINGS CLAUSE CLAIM.

The Takings Clause of the Federal Constitution provides that no "private property [shall] be taken for public use, without just compensation." U. S. Const. amend. V. This provision

---

[4] By contrast, a nearby statutory provision regarding noise-control devices specifically authorizes the City to enter into a contract, which is defined in part as "any written agreement, purchase order or instrument whereby the city is committed to expend or does expend funds . . . in return for work, labor, services, supplies, equipment, materials, or any combination of the foregoing." See N.Y.C. Admin. Code § 24-216.

is applicable to the states pursuant to the Fourteenth Amendment. 1256 Hertel Ave. Assocs., LLC v. Calloway, 761 F.3d 252, 261 (2d Cir. 2014). Before considering whether a regulation violates the Takings Clause, a court must first look to state law to determine if the litigant has a vested property interest. Landgraf v. Usi Film Prods., 511 U.S. 244, 266 (1994); Am. Econ. Ins. Co. v. State, 87 N.E.3d 126, 140 (N.Y. 2017). Under New York law, no vested property interest exists if an alleged right is "inchoate" and "subject to contingencies." Am. Econ. Ins., 87 N.E.3d at 141 (citing Becker v. Huss Co., 373 N.E.2d 1205, 1210 (N.Y. 1978)) (rejecting a Takings Clause claim because insurance companies lacked a vested interest in New York's continuation of a workers' compensation fund).

Detering has not stated a Takings Clause claim, assuming arguendo that the claim is not barred by issue preclusion, because he has no constitutionally protected property interest in the summonses at issue. The text of § 24-261 makes clear that a citizen complainant has no assurance to a share of any proceeds that may or may not be collected in an enforcement proceeding. Consider the long list of contingencies during the process. After a citizen complainant serves a complaint on DEP, the agency may, within thirty days, deem the complaint "frivolous or duplicitous," preventing the complainant from serving the alleged violator. N.Y.C. Admin. Code § 24-261(b)(2). If DEP elects to intervene in the administrative proceeding, that decision effectively halves the maximum penalty that a citizen complainant could potentially obtain. N.Y.C. Admin. Code § 24-261(b)(1), (c), (d).

Whether the citizen complainant or DEP prosecutes the alleged violation, the ECB has the power after an OATH hearing to "remit, in whole or in part," any penalty if the violation has been cured. N.Y.C. Admin. Code § 24-257(b)(5). The ECB also has the power to remit the

penalty at the time that it issues a decision and order. Id. So even if a summons is sustained, any award is contingent on the amount, if any, of the penalty imposed.

Critically, further actions are necessary at that point before any property right vests. For alleged violations served pursuant to § 24-261(a), when DEP prosecutes the alleged violation, the ECB must decide a "fair and reasonable" award that "*shall not exceed* 25 percent of the proceeds collected" based on the citizen's "disclosure of information or evidence not in the possession of the department, which leads to the imposition of the civil penalty." N.Y.C. Admin. Code. § 24-261(d) (emphasis added).[5] In other words, a complainant may not be entitled to any money whatsoever. That has remained true post-Local Law 16, with the exception that for alleged § 24-244 violations, the ECB "shall award the complainant, *out of the proceeds collected*, compensation in the amount of $5" when DEP prosecutes. N.Y.C. L.L. 16/2024, § 1 (emphasis added); N.Y.C. Admin. Code. § 24-261(d). When the complainant prosecutes the alleged violation, after satisfying the contingencies provided in § 24-261(b), the individual is awarded "out of the proceeds collected, fifty percent of any civil penalty," with the exception that for alleged § 24-244 violations, the individual now is awarded "*out of the proceeds collected*, compensation in the amount of $10." N.Y.C. L.L. 16/2024, § 1 (emphasis added); N.Y.C. Admin. Code. § 24-261(e). And whether the proceeding is prosecuted by the complainant or DEP, there is one final step before a constitutionally protected interest vests—the ECB must receive payment from the violator before the agency can distribute any compensation. See N.Y.C. L.L. 16/2024, § 1; N.Y.C. Admin. Code. § 24-261(d), (e).

---

[5] Contrary to Plaintiff's understanding, see Am. Compl. ¶ 12, a citizen complainant does not necessarily receive 25% of the proceeds collected for an administrative proceeding prosecuted by DEP.

That reading of the Noise Control Code's citizen-enforcement mechanism is the only logical one given the statutory structure. Consider the framework of a *qui tam* action—a similar but broader enforcement mechanism—which authorizes private individuals (or "relators") to bring civil actions for violations of certain statutes, such as the federal False Claims Act ("FCA"). See Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 768–69 (2000); 31 U.S.C. §§ 3729–3733. As in the Noise Control Code, the FCA enables an individual to serve a complaint on the government, after which point the government opts whether to conduct the prosecution instead of the complainant. 31 U.S.C. § 3730(b)(4). Unlike in the Noise Control Code context, though, the complainant first must bring a civil action directly to court and the summons cannot be served until a judge so orders (after at least sixty days). 31 U.S.C. § 3730(b)(1)–(3). If the government conducts the prosecution, the relator "shall . . . receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim" and "payment . . . shall be made from the proceeds." 31 U.S.C. § 3730(d)(1). If the relator brings the action, that person "shall receive an amount . . . not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement" and "shall be paid out of such proceeds." 31 U.S.C. § 3730(d)(2). The relator also is entitled to reasonable fees and expenses. Id.

Most significantly, "federal courts have consistently recognized that amendments to *qui tam* statutes that interfere with a relator's pending action do not 'deprive him of rights guaranteed by the Constitution.'" Brooks v. Dunlop Mfg., 702 F.3d 624, 632 (Fed. Cir. 2012) (quoting United States ex rel. Rodriguez v. Wkly. Publ'ns, Inc., 144 F.2d 186, 188 (2d Cir. 1944)). The Second Circuit in Rodriguez recognized that relators have no vested property interests allowing them to challenge legislative amendments to, or even repeals of, *qui tam* statutes. 144 F.2d at 188. And any interest that citizen complainants have under the Noise Control Code would

be more limited than the interest of relators in *qui tam* actions, since citizen complainants can only recover penalties "out of the proceeds *collected*." N.Y.C. Admin. Code § 24-261(d), (e) (emphasis added).[6]

In sum, as to the proceeds collected after Local Law 16 became effective, Detering is only entitled to an award of $5 or $10. Detering did not have a vested property interest in the challenged summonses before the proceeds were collected because any right is "inchoate" and "subject to contingencies" based on the statutory framework and uncertain collection of penalties. Without that vested property right, Detering cannot state a claim under the Takings Clause.

## V.    DETERING HAS NOT STATED AN UNCONSTITUTIONAL-RETROACTIVITY CLAIM.

Detering also claims that the City has retroactively applied Local Law 16 in an impermissible way. Am. Compl. ¶¶ 95–100. When analyzing whether a statute is retroactive, the New York Court of Appeals has adopted the analysis articulated by the Supreme Court in Landgraf v. USI Film Products, 511 U.S. 244 (1994). See Regina Metro. Co. v. N.Y. State Div. of Hous. & Comm. Renewal, 154 N.E.3d 972, 988 (N.Y. 2020) (citing Am. Econ. Ins. Co., 30 N.Y.3d at 155, 157). Numerous constitutional provisions implicate the presumption against retroactive legislation, including the *Ex Post Facto* Clause, the Contracts Clause, the Takings Clause, and the prohibition of bills of attainder. See Landgraf, 511 U.S. at 266. The Fifth Amendment's Due Process Clause, as well, embodies an antiretroactivity principle in order to "protect[] the interests in fair notice and repose." Id. However, the application of a new statute to past conduct is sometimes permissible. See id. at 273; Regina Metro., 154 N.E.3d at 988. A statute is

---

[6] As a citizen complainant, Detering's role is limited to the administrative proceeding. See N.Y.C. Admin. Code § 24-261(b) (discussing service "upon the [ECB] a notice of violation"); N.Y.C. Admin. Code § 24-261 (c) (discussing commencement of "a proceeding before the [ECB]").

impermissibly retroactive if it would 1) "impair rights a party possessed when [they] acted," 2) "increase a party's liability for past conduct," or 3) "impose new duties with respect to transactions already completed." <u>Aaron Manor Rehab. & Nursing Ctr., LLC v. Zucker</u>, 241 N.E.3d 136, 143 (N.Y. 2024) (alteration in original) (quoting <u>Regina Metro.</u>, 154 N.E.3d at 988).

Detering has not argued, nor could he, that Local Law 16 has either increased his liability for bringing the summonses or imposed new duties on him; rather, he has been awarded money out of collected proceeds and not faced any liability or duty. As discussed above, Detering did not have contract rights. Nor did Detering possess a vested property right at the time when Local Law 16 became effective. So Detering fails to state a claim that the statute was applied in an impermissibly retroactive manner. <u>See</u> <u>4040 BA LLC v. N.Y. State Div. of Hous. & Comm. Renewal</u>, 198 N.Y.S.3d 69, 70 (App. Div. 1st Dep't 2023).

This claim, too, should be dismissed.[7]

## VI.    DETERING HAS NOT STATED A BILL OF ATTAINDER CLAIM.

Under one heading in the Amended Complaint, Detering alleges not only a violation of the Contracts Clause but also an unconstitutional bill of attainder as an alternative basis for relief. Am. Compl. ¶¶ 101–05. The Federal Constitution provides that "[n]o Bill of Attainder . . . shall be passed," U. S. Const. art. I § 9, cl. 3, and specifically restricts states from "pass[ing] any Bill of Attainder," U. S. Const. art. I § 10. "Briefly stated, a constitutionally

---

[7] Regarding <u>Detering I</u>, the Amended Complaint puzzlingly argues that Defendant "is estopped" from asserting that the statute was not applied in an impermissibly retroactive way here. Am. Compl. ¶ 99; <u>see also</u> Am. Compl. ¶¶ 66–67. But issue preclusion, or collateral estoppel, is an affirmative defense. Fed R. Civ. P. 8(c)(1). Moreover, the state-court decision would not have preclusive effect on the question of impermissible retroactivity. The state court held that Detering's constitutional arguments failed at the outset because a citizen complainant does not have a constitutionally protected right to property or a contract related to the Noise Control Code. <u>See</u> Motel Decl. Ex. A, at 5. "[A]ppear[ing] to rely heavily" on an interpretation of a statute, as Detering describes the earlier opinion, Am. Compl. ¶ 99, is far short of a holding and, like dicta, it is certainly not preclusive. <u>See</u> <u>Conason v. Megan Holding, LLC</u>, 29 N.E.3d 215, 224 (N.Y. 2015) (quoting <u>Alamo v. McDaniel</u>, 841 N.Y.S.2d 477, 481 (App. Div. 1st Dep't 2007)) (holding that a resolution of an issue only has a preclusive effect if the determination was "necessary to support a valid and final judgment on the merits").

proscribed bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" Consol. Edison Co. of N.Y. v. Pataki, 292 F.3d 338, 346 (2d Cir. 2002) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977)). The three required elements of a bill of attainder claim are "specification of the affected persons," "punishment," and "lack of a judicial trial." ACORN v. United States, 618 F.3d 125, 136 (2d Cir. 2010). "The party challenging the statute has the burden of 'establishing that the legislature's action constituted punishment and not merely the legitimate regulation of conduct.'" Consol. Edison, 292 F.3d at 350 (quoting Nixon, 433 U.S. at 476 n.40).

Detering states in a conclusory fashion, "Local Law 16 was passed targeting Plaintiff and those like him personally." Am. Compl. ¶ 75. He cites one City Councilmember's concern, for example, that "local businesses [were] being unfairly burdened by overzealous enforcers who are more motivated by profit than quality of life." Am. Compl. ¶ 76. He also notes a DEP official's testimony that citizen complainants were "using [the Noise Control Code] for personal profit" and that the legislation "would make it harder for bad actors to use these violations as a source of significant income." Am. Compl. ¶ 77. Detering cursorily mentions a single police officer's supposedly critical comment and also a DEP official's brief statement to a news outlet about "working with the City Council to make common-sense changes to the noise code" Am. Compl. ¶¶ 78–80, 80 n.5. Detering does not explain any connection between those allegations and his argument that the City Council passed a bill of attainder that targeted him.

## A.    Claim Preclusion Bars Detering from Pursuing This Claim.

The doctrine of claim preclusion, or res judicata, "bars the parties or their privies from relitigating issues that were or *could have* been raised in that action." Paramount Pictures Corp. v. Allianz Risk Transfer AG, 96 N.E.3d 737, 743 (N.Y. 2018) (emphasis in original). That standard is met here.

In the state-court case, Detering challenged Local Law 16 as facially invalid on a host of grounds. Am. Compl. ¶ 64; Motel Decl. Ex. B.[8] Now, Detering adds the argument that Local Law 16 was "directed specifically" at him. Am. Compl. ¶ 103. In the prior litigation, Detering could have brought, but did not bring, such a claim. See Motel Decl. Ex. B, at ¶¶ 44–48 (listing the nine causes of action asserted in state court). In support of his bill of attainder argument here, Detering relies on public officials' statements at hearings on what is now Local Law 16. Am. Compl. ¶¶ 75–77. The public hearings on the proposed legislation were some of the same events that were at issue in the state-court litigation. See Motel Decl. A, at 3; Motel Decl. B, at 11–12, 30, 47. In regard to allegedly being singled out during the Local Law 16 proceedings, Detering is barred from splitting his claims between the case he already lost and the instant suit. So the bill of attainder claim should be dismissed on the ground of claim preclusion.

**B.    The Claim Alternatively Should Be Dismissed on the Merits.**

Even if claim preclusion did not apply, the Amended Complaint fails to state a claim because Detering makes no allegations amounting to an unconstitutional bill of attainder. Among other deficiencies, the Amended Complaint plainly asserts no facts establishing that the City Council  (somehow along with a DEP official and a police officer) inflicted punishment on him. Local Law 16 does not prescribe whether someone is guilty or innocent. Rather, the amended provisions of the Noise Control Code reduce the bounty amounts available to citizen complainants and reduce the maximum penalties that may be imposed in certain proceedings. The statute is a typical example of regulation of conduct rather than one that fits in the "historical meaning of

---

[8] The Amended Complaint confusingly alleges that the previous litigation was "a state court Article 78 proceeding, challenging LL16 as applied to cases where hearings took place after LL16," adding a footnote that the description "is not intended to be exhaustive of the claims in that case." Am. Compl. ¶ 64 & n.4. In fact, the earlier litigation was a hybrid proceeding that sought both Article 78 relief regarding certain summonses and a declaratory judgment that challenged Local Law 16 itself. See, e.g., Motel Decl. Ex. B ¶ 1 (indicating Detering's description of his state-court complaint as an "Article 78 and declaratory judgment action").

legislative punishment," which would include a determination of guilt. <u>See</u> <u>ACORN</u>, 618 F.3d at 136; <u>see also</u> <u>Consol. Edison</u>, 292 F.3d at 350. Furthermore, the "[s]tatements by a smattering of legislators" do not demonstrate that the legislative record "reflects overwhelmingly a clear legislative intent to punish [Detering]." <u>See</u> <u>Consol. Edison</u>, 292 F.3d at 354. Detering cannot show that the statute inflicted punishment on him that could constitute an unconstitutional bill of attainder.

## VII.    DETERING HAS NOT STATED A "STATE-LAW QUASI-CONTRACT/QUANTUM MERUIT/UNJUST ENRICHMENT" CLAIM.

Detering also brings a claim described as "State Law Quasi-Contract/Quantum Meruit/Unjust Enrichment." Am. Compl. ¶¶ 114–22. He argues that he "is entitled to recover in quantum meruit or other quasi-contract" as an alternative to the breach-of-contract claim. Am. Compl. ¶ 115 & n.6. The City respectfully suggests that the Court decline to exercise supplemental jurisdiction over the state-law claims if the Court dismisses Plaintiff's federal claims. <u>See</u> <u>Klein & Co. Futures Inc. v. Bd. of Trade</u>, 464 F.3d 255, 262 (2d Cir. 2006); 28 U.S.C. § 1367(c). If this claim is considered, though, Detering fails state a claim on this count as well.

Unjust enrichment is a type of quasi-contract claim that considers "an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." <u>Columbia Mem'l Hosp. v. Hinds</u>, 192 N.E.3d 1128, 1137 (N.Y. 2022) (quoting <u>Georgia Malone & Co. v. Rieder</u>, 973 N.E.2d 743, 746 (N.Y. 2012)). The New York Court of Appeals has explained:

> "[U]njust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled.

Corsello v. Verizon N.Y., Inc., 967 N.E.2d 1177, 1185 (N.Y. 2012). The plaintiff must show that the defendant was enriched at the plaintiff's expense and "it is against equity and good conscience to permit [the defendant] to retain what is sought to be recovered." Columbia Mem'l, 192 N.E.3d at 1137 (quoting Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1110 (N.Y. 2011)).

As in the context of contractual breaches, discussed above, Detering's quasi-contractual claim must be dismissed because no recovery in quantum meruit or unjust enrichment is available against a municipality when there is no compliance with statutory mandates, such as registration with the Comptroller and the Corporation Counsel's approval as to form. See S. T. Grand, Inc. v. City of New York, 298 N.E.2d 105, 108 (N.Y. 1973); JFK Holding Co., 891 N.Y.S.2d at 34. Furthermore, Detering could not recover on a theory of quantum meruit anyway because he has failed to state the value of his services with which the City supposedly enriched itself. See Tesser v. Allboro Equip. Co., 756 N.Y.S.2d 253, 254 (App. Div. 2d Dep't 2003). Detering, then, has not pleaded that there is an equitable obligation to remedy an unconscionable situation. See Corsello, 967 N.E.2d at 1185; Columbia Mem'l, 192 N.E.3d at 1137.

As such, Detering has not stated a claim for unjust enrichment or pleaded entitlement to recover on a theory of quantum meruit.

## VIII.    DETERING HAS NOT STATED A STATE-LAW "ARTICLE 78" CLAIM.

Detering also claims that the City violated state law by acting in a manner that was arbitrary and capricious as well as an abuse of discretion. Am. Compl. ¶ 124 (citing N.Y. C.P.L.R. § 7803(3)). The Second Circuit has not resolved whether a federal district court may exercise supplemental jurisdiction over an Article 78 claim. Dimartile v. Hochul, 80 F.4th 443, 446 n.1 (2d Cir. 2023). Some courts have held that they may hear Article 78 claims when sitting in diversity jurisdiction but not necessarily otherwise. See, e.g., Doe v. N.Y. Univ., 537 F. Supp. 3d 483, 491 (S.D.N.Y. 2021). But see Cartagena v. City of New York, 257 F. Supp. 2d 708, 710 (S.D.N.Y.

2003) ("State law does not permit Article 78 proceedings to be brought in federal court."). Of course, a district court has the ability to not exercise its supplemental jurisdiction. See, e.g., Birmingham v. Ogden, 70 F. Supp. 2d 353, 372 (S.D.N.Y. 1999) ("[F]ederal courts are loath to exercise jurisdiction over Article 78 claims."); Lucchese v. Carboni, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998) ("Article 78 proceedings were designed for the state courts, and are best suited to adjudication there."). Here, Detering is domiciled in New York and does not establish diversity jurisdiction with the City. Am. Compl. ¶¶ 1–2; see 31 U.S.C. § 3729.

But even if this Court exercised supplemental jurisdiction, the Article 78 claim should be dismissed. For starters, all but nine of the challenged awards that are ripe for review were paid to Detering more than four months before the original complaint was filed (March 13, 2025) and therefore are not timely challenged. ECF Nos. 1, 21; see CPLR § 217(1); Walton v. N.Y. State Dep't of Corr. Servs., 863 N.E.2d 1001, 1005 (N.Y. 2007). The statute of limitations bar includes the only two summonses for which the Amended Complaint provides a substantive level of detail regarding Detering's argument. Am. Compl. ¶¶ 35, 49. As for the nine summonses that are not time-barred under Article 78, the challenges are not proper because Detering has failed to name the "body or officer" that made the determination, i.e., OATH, as a party. Am. Compl. ¶ 2; see N.Y. C.P.L.R. § 7802(a); Commco, Inc. v. Amelkin, 465 N.E.2d 314, 316 (N.Y. 1984). Even if Detering had named the proper party, OATH's determinations were not "made in violation of lawful procedure" or "affected by an error of law," for the reasons discussed supra, and there was no determination that was "arbitrary and capricious" or "an abuse of discretion." See N.Y. C.P.L.R. § 7803(3). Awarding $5 or $10 of the proceeds collected in these circumstances is

entirely rational.[9] Finally, Detering's argument that that statute was applied "ultra vires" is indistinguishable from his Article 78 claim. <u>See</u> Am. Compl. ¶ 125.

The Court, therefore, should dismiss the Article 78 cause of action even if it exercised supplemental jurisdiction, which it should not.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Motion to Dismiss the Amended Complaint should be granted in its entirety.

Dated:    New York, New York
          October 10, 2025

                    **MURIEL GOODE-TRUFANT**
                    Corporation Counsel of the City of New York
                    *Attorney for Defendant*
                    100 Church Street
                    New York, New York 10007
                    (212) 356-2633
                    smotel@law.nyc.gov

                    BY:
                    _____
                         *Seth A. Motel*
                         Seth Motel
                         Assistant Corporation Counsel

---

[9] OATH's interpretation of Local Law 16 is entitled to deference since it "involves knowledge and understanding of underlying operational practices" and is "not irrational or unreasonable." <u>Lighthouse Pointe Prop. Assocs. LLC v. N.Y. State Dep't of Env't Conservation</u>, 897 N.Y.S.2d 693, 702 (2010) (quoting <u>Kurcsics v. Merchs. Mut. Ins. Co.</u>, 403 N.E.2d 159, 163 (N.Y. 1980)).

## <u>CERTIFICATION OF WORD-COUNT LIMITATIONS</u>

The portions of this document that must be included in a word count contain 6,352

words.

Dated:  New York, New York
        October 10, 2025

_Seth A. Motel_
_____
Seth Motel
