# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. ARLENE P. BLUTH | PART | 14 |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------X

DIETMAR DETERING, YOAV EREZ, DEBORAH FARLEY, MITCHELL GRUBLER, FREDERIC HILLS

                      Petitioner,

- v -

NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS, THE NEW YORK CITY COUNCIL and ERIC ADAMS, in his official capacity as the Mayor of the City of New York,

                      Respondent.

-----------------------------------------------------------------X

| INDEX NO. | 159847/2023 |
|---|---|
| MOTION DATE | 06/10/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 60, 61, 62, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151[1]

were read on this motion to/for         ARTICLE 78        .

The amended petition for various relief relating to the citizen complaint provision of the New York City Noise Code is decided as described below.

**Background**

Petitioners bring this proceeding to complain about respondent the New York City Environmental Control Board ("ECB")'s alleged rulemaking in August 2023 concerning enforcement of the citizen complaint provision of the Noise Code as well as the City Council's

---

[1] After this opinion was completed, petitioners requested via NYSCEF that they be permitted to correct their reply memorandum. Because this request was untimely, did not identify what needed to be corrected and was not properly made (i.e., it was not a motion), the Court denies this request.

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 1 of 14

1 of 14

recent passage of legislation concerning the fees associated with this issue. Petitioners observe that the Noise Code has included a citizen complaint provision since 1972 to incentivize New Yorkers to help enforce the Noise Code.

They add that on December 6, 2023, the City Council passed "Intro 1194-A" which capped the compensation for citizen complainants under the Noise Code and reduced the penalties for certain noise summonses. Petitioners insist that the prior compensation for complaining citizens could range from $110 to $2,625 and now is limited to $5 to $10. They complain that the new legislation violates rulemaking procedures under the NY City Charter as well as environmental rules under the City Environmental Quality Review ("CEQR") and the State Environmental Quality Review Act ("SEQRA"). Petitioners also assert constitutional violations under both the United States Constitution and the New York State constitution.

Petitioners are comprised of individuals who live across New York City and are concerned about the noise levels. Certain petitioners live near restaurants and complain about the loud noise from these establishments, while another petitioner fears that commercial noise will cause an accident while he rides his bicycle. Petitioner Detering routinely submits citizen complaints to the Department of Environmental Protection ("DEP"). He claims he "will be personally harmed by the reduction in payments to him and penalties to violating businesses due to the substantial time, energy, resource and monetary investments Mr. Detering has devoted to citizen noise control enforcement" (NYSCEF Doc. No. 51, ¶ 21).

Petitioners argue that citizens received a monetary incentive for reporting Noise Code violations for decades so that they would be encouraged to invest the time and money required to substantiate these complaints. They complain that in August 2023, ECB issued a resolution that included a zero-dollar mitigation penalty for a first violation issued to a business. Petitioners

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL  BOARD   Page 2 of 14
ET AL
Motion No.  001

2 of 14

argue that this makes little sense because a business can simply turn off loud music. They point out that there were two instances in which the Office of Administrative Trials and Hearings ("OATH") applied this rule and petitioner Detering received no compensation despite meeting his burden to show these businesses had violated the Noise Code.

Petitioners also complain that OATH has eliminated penalties for late payments of civil penalties and OATH has not utilized the required rulemaking process to do so. They further observe that here is a new process for issuing citizen summonses for Noise Code violations. Petitioners contend that a new form was created which requires citizens to attend hearings. They argue that "Being forced to attend all hearings means that Petitioner[2] cannot use his time to attend to other matters" (NYSCEF Doc. No. 51, ¶ 95).

Petitioners argue that OATH improperly grants late adjournment requests by businesses and that the result is citizen complainants are not given proper notice of adjournments. They also take issue with the appeals process and with certain OATH determinations.

With respect to the City Council's passage of Intro 1194-A, petitioners argues that that there was no environmental review and that certain individuals were not permitted to speak at a hearing concerning this legislation. Petitioners contend there was substantial public opposition to 1194-A but that it passed anyway. They insist there was no fiscal impact statement provided as is required.

In opposition, respondents observe that the citizen reporting program entitles individuals to report violations of the relevant Administrative Code to DEP and that if DEP successfully prosecutes the violation, the report is entitled to 25% of the penalty collected. The complainant may also pursue her own notice of violation if DEP does not timely pursue the purported

---

[2] The Court assumes that the reference to a single petitioner means petitioner Detering.

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 3 of 14

3 of 14

violation; in that instance, the person may receive up to 50% of the penalty collected, at least prior to Intro 1194-A. Respondents observe that there was no limit on the amount a citizen complainant could recover and that this led to a "deluge" of summonses concerning Noise Code violations. They insist that is why the City Council passed legislation capping the maximum recovery.

In reply, petitioners contend that there are unilateral contracts formed between petitioners and respondents and so petitioners' inability to recover the same amount of money constitutes a violation of the U.S. Constitution's contracts clause.

**NY City Charter**

Petitioners contend that Intro 1194-A violates the NY City Charter § 32 because it involved two subjects (decreased payments to complainants and lowered civil penalties for Noise Code violations). The Court disagrees—the legislation deals with the Noise Code. "[T]he bill met the transparency requirement of the one-subject rule and adequately apprised the City Council and members of the public of its contents and purpose" (*NYC C.L.A.S.H. v City of New York*, 147 AD3d 97, 101, 45 NYS3d 22 [1st Dept 2017] [discussing the one-subject rule]).

Respondents also demonstrated that it complied with the City Charter's rules concerning the fiscal impact statement. They included copies of this statement and evidence that it was distributed prior to the passage of Intro 1194-A (NYSCEF Doc. Nos. 130 at 36 and 133). Moreover, the source of the fiscal impact statement was also cited in the statement itself (NYSCEF Doc. No. 57).

159847/2023  DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL  BOARD   Page 4 of 14
ET AL
Motion No.  001

4 of 14

Respondents satisfied the requirement that 1194-A be placed before the City Council (NY City Charter § 36) seven calendar days prior to the final passage through NYSCEF Doc. No. 128, an affirmation from a legislative attorney for the City Council.

**MHR Violations**

Petitioners argue that Intro 1194-A violated the Municipal Home Rule Law by not being filed with the Secretary of State within 20 days after adoption. They allege it was filed 23 days after it was passed. Respondents admit it was filed a few days late.

As respondents point out, this brief filing delay can be overlooked (*see Hehl v Gross*, 35 AD2d 570, 313 NYS2d 422 [2d Dept 1970)]) and so the Court will overlook it here.

**Constitutional Violations**

Petitioners argue that both the Fifth and Fourteenth Amendments to the U.S. Constitution were violated because respondents have "confiscated privacy property without a rational basis and without just compensation" (NYSCEF Doc. No. 51, ¶ 181). They claim the law has retroactive effect by "upsetting reasonable reliance" and their rights were impaired when they "entered into contractual arrangements to prosecute citizen complaints" (*id*. ¶¶ 182, 183).

Petitioners failed to state a viable claim for a constitutional violation. They have no vested property interest in the right to recover a certain amount of fines levied against businesses who violate the Noise Code. Moreover, there is no private contract between respondents and petitioners that could form the basis of a constitutional cause of action. Nothing here suggests that petitioners had a vested right in recovering a certain percentage of Noise Code fines in perpetuity simply because the system was in place for a long time.

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 5 of 14

5 of 14

And petitioners did not establish that there was any improper retroactive effect. The legislation applies only to summonses heard after the operative date; that is, the legislation does not attempt to claw back monies previously recovered by citizen complainants. Instead, it caps the amounts recoverable at $5 for proceedings brought by DEP and $10 for citizen initiated proceedings, and at $50 for violators where proceedings were commenced prior to the effect date but where a resolution has not yet been reached (NYSCEF Doc. No. 131 at 1). As stated above, there were no contracts created between petitioners and respondents and so this is not a basis to find some sort of improper retroactivity.

**Rulemaking Issue for the August 2023 Resolution**

Petitioners contend that an August 2023 resolution (NYSCEF Doc. No. 123) violates CAPA, the City Administrative Procedure Act, because it is an improper rulemaking. As a preliminary matter, the Court observes that the Administrative Code § 24-257(b)(5) provides a table of fine amounts, but also states that "the board may remit, in whole or in part, such a civil penalty if, at the conclusion of the hearing or at the time of the board determination under section 24-266 of this code, the respondent is no longer in violation of a provision of this code, or of any order, rule or regulation promulgated by the commissioner or the board." Remit, in this context, means the ECB has the power to impose no penalties whatsoever as long as the condition.

The resolution at issue states that ECB "exercises the authority granted it under §24-257 (b)(5) of the Code to remit in whole the civil penalty in all matters wherein the summons charges a violation of Code §24-244 (b) upon a finding at the hearing that the respondent is no longer in violation. Accordingly, upon a hearing officer so finding, a zero penalty shall be imposed" (NYSCEF Doc. No. 123).

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD   Page 6 of 14
ET AL
Motion No. 001

6 of 14

The essential determination for this Court is whether this resolution is, functionally, a rule and therefore improper because it was not subject to the required rulemaking process. "The rulemaking process is mandated when an agency establishes precepts that remove its discretion by dictating specific results in particular circumstances. Only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation that must be formally adopted. Rules are not required for ad hoc decision making based on individual facts and circumstances or for interpretative statements and statements of general policy that are merely explanatory and have no legal effect" (*DeJesus v Roberts*, 296 AD2d 307, 310, 746 NYS2d 1 [1st Dept 2002] [internal quotations and citations omitted]).

Here, the Court finds that the resolution at issue constitutes an improper rule. The Court's determination is based upon the fact that resolution contains the language "a zero penalty *shall* be imposed" where the business is no longer in violation. The use of the term "shall" clearly removes discretion from ECB and dictates a specific result in a particular circumstance (i.e., a §24-244(b) violation where the business shows that it has removed the violation).

ECB's argument in opposition that this resolution merely provided guidance is wholly without merit.  Certainly ECB could have passed a resolution that encouraged hearing officers to refrain from imposing penalties where businesses had fixed the problem.  But the resolution here did not offer guidance; instead it mandated a certain outcome.  That means it should be part of a rule.

The next issue for this Court is the proper remedy.  The Court finds that the resolution is hereby stricken and ECB may not rely upon it.  However, that does not change the fact that the Administrative Code expressly gives ECB the discretion to remit all penalties.  In other words,

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD   Page 7 of 14
ET AL
Motion No. 001

7 of 14

ECB can still rely upon the discretion granted it in the Administrative Code and this Court cannot force ECB to enforce the Noise Code in the way petitioners want (*see Alliance to End Chickens as Kaporos v New York City Police Dept.,* 32 NY3d 1091, 1093, 90 NYS3d 617 [2018] [observing that a Court cannot compel an agency to take a discretionary act]).

Nor did petitioners cite a complaint in their amended pleading in which this resolution was the only evidence cited to impose a $0 fine. The cases in which petitioners complain must, as noted below, be transferred to the First Department as they involved questions of substantial evidence raised at an OATH hearing. This Court cannot opine on credibility determinations made by an OATH hearing officer.

**Other Rulemaking Issues**

The Court rejects petitioners' remaining claims about improper rulemaking relating to a special summons forms, adjournment of hearings and the failure to the failure to assess late charges. There is no question that ECB and OATH have discretion over these issues and how to interpret the statutory scheme under the Rules of the City of New York. That petitioners do not like the form changes or how adjournment requests are handled does not make these improper rulemaking.

And certain of the petitioners (petitioners Erez, Farley, Grubler and Hills) lack standing to complain about these because there are no allegations that they have experienced any injuries from these issues. Only petitioner Erez alleges that he has filed citizen complaints but he contends that "DEP has indicated he may proceed with many of his complaints, but he has not yet been afforded an opportunity to pick up forms from DEP" (NYSCEF Doc. No. 51, ¶ 24). That is not a basis for relief.

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 8 of 14

8 of 14

The Court also observes that to the extent petitioners seek relief on behalf of a petitioner McFadden, those claims are all denied as he is not a named petitioner in the caption of the amended complaint.

**OATH Determinations Involving Petitioner Detering**

The Court observes that petitioner challenges multiple hearings before OATH (the Jackson Hole, Matto, Electro, Frida, Doyle's, Said, and Haswell decisions [NYSCEF Doc. Nos. 81, 87, 93, 101, 107, 114 and 119]) all of which involved decisions rendered after hearings before OATH. There is no question that the branches of the petition that seek to reverse these determinations should be transferred to the Appellate Division, First Department as they raise substantial evidence questions made after a hearing (*see* CPLR 7804[g]).

Petitioners' assertion that these matters should not be transferred to the Appellate Division because "At issue, [sic] is not the concept of substantial evidence, but the role of administrative agencies in arbitrarily misinterpreting and nullifying statutes" (NYSCEF Doc. No. 138 at 6) is wholly without merit. These were determinations held after hearings that involved credibility determinations made by the OATH hearing officers and necessarily raised questions of substantial evidence.

**Green Amendment**

Petitioners also complain about the purported violation of the Green Amendment. The amended complaint details how certain petitioners allegedly deal with loud noise environments near their homes. Article 1, Section 19 of the New York State Constitution provides that "Each

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD
ET AL
Motion No. 001

Page 9 of 14

9 of 14

person shall have a right to clean air and water, and a healthful environment" (the "Green Amendment").

The Court finds that the Green Amendment is not implicated in this record. Intro 1194-A did not eliminate the Noise Code, bar enforcement of its provisions or allow a business to emit more noise. Rather, it caps the amount of money a citizen complainant can recover for pursuing Noise Code violations and temporarily lowers the civil penalties that are levied against violators in a specific situation. But that does not permit a business to do whatever it wants. Summonses can still be issued, citizens can still file complaints and the Noise Code remains in effect. That petitioners may want to punish violators more harshly is not a basis to find that Intro 1194-A violates the right to a healthful environment.

**SEQRA and CEQR**

These two statutory schemes (one is a state regime while the CEQR is the City's version) require government agencies to perform environmental reviews in connection with certain actions. "SEQRA divides actions into Type I, Type II and Unlisted actions. A Type I action carries the presumption that it is likely to have a significant adverse impact on the environment and may require an environmental impact study. Type II actions are not subject to environmental impact review because these actions have been determined not to have a significant adverse impact on the environment. Unlisted actions must undergo an environmental impact study to determine if the action may have a significant adverse impact on the environment" (*Matter of 475 Ninth Ave. Assoc. LLC v Bloomberg*, 2 Misc 3d 597, 600-01 [Sup Ct, NY County 2003]).

Respondents contend that Intro 1194-A is a Type II action as it merely revises the fee schedule related to the Noise Code. This Court agrees. SEQRA specifically lists examples of

159847/2023 DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 10 of 14

10 of 14

Case 1:25-cv-02100-KPF    Document 24-1    Filed 10/10/25    Page 12 of 15

Type II agency actions, including "routine or continuing agency administration and management, not including new programs or major reordering of priorities that may affect the environment" (6 NYCRR 617.5 [26]). The instant legislation is not a new program. It simply lessens the emphasis on citizens compensation and the fines to be levied. It does not constitute a major reordering or priorities as the Noise Code remains in effect and violators can still be fined. The Court finds that changing a fee scheme is not a new program where the substance of the law is unaffected and so respondents did not have to perform environmental reviews under SEQRA or CEQR.

### OATH Determinations Not Involving Petitioner

The Court observes that petitioners also challenge other decisions issued by OATH in which they were not involved. These are included in the docket as NYSCEF Doc. Nos. 120 and 121. As they were not involved, petitioners lack standing and their claims with respect to these determinations are denied.

### Other Demands

Petitioners also seeks awards for petitioners as well as on behalf of "citizen complainants" for their share of civil penalties. That request is denied as this Court cannot award civil penalties for determinations that OATH has not made or for litigants that are not parties to this proceeding. Similarly, the Court cannot award damages to "citizen complainants similarly situated" as the instant proceeding is not framed as a class action. The Court also denies the request for legal fees and petitioner did not cite a basis upon which it could recover such fees.

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD   Page 11 of 14
ET AL
Motion No. 001

11 of 14

Petitioners also failed to state a cause of action under the First Amendment related to the October 16, 2023 committee hearing as both petitioners Detering and Farley testified. Mr. McFadden, who allegedly was prevented from testifying, is not a petitioner in this proceeding.

**Summary**

The instant dispute is, in essence, a policy dispute. Petitioners, and particularly petitioner Detering, contend that respondents should enforce the Noise Code as it has been handled for decades. That view includes a citizen's ability to recover substantial compensation for complaints and large fines for violators. Unfortunately for petitioners, the City Council had a different view—respondents seem to be concerned about a few complainants filing thousands of complaints and businesses not getting a chance to fix the problem before receiving substantial fines.

The report created in connection with the legislation noted that "According to DEP, just two citizens were responsible for 90% of the 6,000 citizen noise complaints submitted between January and October 2023" (NYSCEF Doc. No. 130 at 7-8). The report also details situations in which certain restaurants received thousands of dollars in fines before they had the chance to cure an alleged defect (*id*. at 8). Apparently some businesses had received up to six violation notices from the same individual before they were notified of the initial violation while a Manhattan restaurant faced over $33,000 in fines from seven complaints filed by the same person (*id*.). The City Council report noted that Intro 1194-A was "intended to balance the goal of providing immediate relief to businesses that have been subject to civil penalties as a result of the enforcement proceedings authorized by section 24-261 with the goal of recognizing the time and effort expended by the persons who have commenced such proceedings" (*id*. at 11).

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 12 of 14

12 of 14

It is not this Court's role to opine on the wisdom of Intro 1194-A. It is certainly true that this legislation may disincentivize individuals like petitioner Detering from bringing noise complaints under the citizen complaint process. As petitioner Detering details, he makes his living and expends many hours pursuing these complaints, particularly when DEP declines to pursue the complaints and he has to marshal the evidence. But the City Council is permitted to modify penalties and cap recovery; that it did not side with petitioners does not mean there is a constitutional violation or the numerous other alleged issues raised by petitioners.

However, as noted above, the Court finds that the August 2023 resolution is impermissible because it constituted improper rulemaking. There is little doubt that it removed discretion in a specific circumstance by requiring the hearing officer to impose "a zero penalty" where a violator shows the violation has been lifted (NYSCEF Doc. No. 123). To be sure, the hearing officer already possesses the discretion to do this; the issue for this Court is that it prescribed a certain outcome, not a preference. How this resolution fits within the recently passed Intro 1194-A is unclear as the parties did not specifically address whether or not this issue is moot in light of the new recovery scheme.

The remaining claims are denied, except for the hearings involving petitioner Detering in which OATH issued determinations after hearings. Those must be transferred to the Appellate Division, First Department as required under the CPLR.

Accordingly, it is hereby

ADJUDGED that the branch of the petition that seeks to annul the August 17, 2023 resolution is granted and respondents may not rely upon that resolution when issuing determinations, and all of the remaining requests for relief are denied except to the extent that

159847/2023 DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001
Page 13 of 14

13 of 14

petitioner Detering seeks to challenge certain OATH determinations made after hearings; and it is further

ORDERED that those OATH determinations are, pursuant to CPLR 7804 (g), respectfully transferred to the Appellate Division, First Department for disposition as they involve issues as to whether determinations made as a result of hearings held were supported by substantial evidence; and it is further

ORDERED that petitioners shall serve a copy of this order with notice of entry upon the Clerk of the Court, who is directed to transfer the file to the Appellate Division, First Department; and it is further

ORDERED that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

| 6/13/2024 | | |
|---|---|---|
| DATE | | ARLENE P. BLUTH, J.S.C. |

| CHECK ONE: | X CASE DISPOSED | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☐ DENIED | ☐ GRANTED IN PART | X OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159847/2023   DETERING, DIETMAR vs. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ET AL
Motion No. 001

Page 14 of 14

14 of 14