UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DIETMAR DETERING,

                                                                    Plaintiff,

                                                                No. 25-cv-2100 (KPF)
        -against-

THE CITY OF NEW YORK,

                                                           Defendant.
------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

                                                            **MURIEL GOODE-TRUFANT**
                                                            Corporation Counsel of the City of New York
                                                            *Attorney for City of New York*
                                                            100 Church Street
                                                            New York, New York 10007
                                                           (212) 356-2633
                                                           smotel@law.nyc.gov

MICHELLE GOLDBERG-CAHN,
MARK MUSCHENHEIM,
SETH MOTEL,
                Of Counsel.

January 9, 2026

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT

    I. SEVERAL CLAIMS ARE BARRED BY ISSUE PRECLUSION. ............................................................................................. 1

    II. CHALLENGES TO THE VAST MAJORITY OF SUMMONSES ARE UNRIPE. ........................................................................... 3

    III. ALL CONTRACT AND QUASI-CONTRACT CLAIMS SHOULD BE DISMISSED. ................................................................. 4

    IV. THE TAKINGS CLAUSE CLAIM SHOULD BE DISMISSED. .................................................................................................... 5

    V. EVEN IF NOT PRECLUDED, THE RETROACTIVITY CLAIM SHOULD BE DISMISSED. ...................................................................................... 6

    VI. THE BILL OF ATTAINDER CLAIM SHOULD BE DISMISSED. .................................................................................................... 7

    VII. THE CLAIM UNDER CPLR ARTICLE 78 SHOULD BE DISMISSED. .................................................................................................... 8

CONCLUSION .......................................................................................................................... 9

CERTIFICATION OF WORD-COUNT LIMITATIONS ....................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                **Pages**

Am. Econ. Ins. Co. v. State,
   87 N.E.3d 126 (N.Y. 2017)...............................................................................................5

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)...........................................................................................................6

Cardenas v. N.Y.-Presbyterian Med. Grp./Queens,
   No. 22-7000, 2025 U.S. Dist. LEXIS 173780 (E.D.N.Y. Sep. 5, 2025) ..................................4

Consol. Edison Co. of N.Y. v. Pataki,
   292 F.3d 338 (2d Cir. 2002)................................................................................................7

D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.,
   564 N.E.2d 634 (N.Y. 1990)................................................................................................3

Detering v. N.Y.C. Env't Control Bd.,
   No. 159847/2023,
   2024 N.Y. Misc. LEXIS 4392 (Sup. Ct. N.Y. Cnty. June 13, 2024).........................................1

Detering v. N.Y.C. Env't Control Bd.,
   No. 2024-04806,
   2025 N.Y. App. Div. LEXIS 6808 (1st Dep't Dec. 2, 2025)....................................1, 2, 3, 5, 6

Landgraf v. USI Film Prods.,
   511 U.S. 244 (1994)...........................................................................................................6

Paramount Pictures Corp. v. Allianz Risk Transfer AG,
   96 N.E.3d 737 (N.Y. 2018).................................................................................................7

Regina Metro. Co. v. N.Y. State Div. of Hous. & Comm. Renewal,
   154 N.E.3d 972 (N.Y. 2020)............................................................................................2, 6

Walton v. N.Y. State Dep't of Corr. Servs.,
   863 N.E.2d 1001 (N.Y. 2007).............................................................................................8

**Statutes**

Fed. R. Civ. P. 8(c) ...............................................................................................................1, 7

N.Y.C. Admin. Code § 24-244 ..................................................................................................8

N.Y.C. Admin. Code § 24-261 ...............................................................................................1, 4

**Statutes** **Pages**

N.Y.C. Admin. Code § 24-261(d)................................................................................5, 6

N.Y.C. Admin. Code § 24-261(e)................................................................................5, 6

N.Y. C.P.L.R. § 7802(a) ...................................................................................................8

N.Y. C.P.L.R. § 7803(3) ..................................................................................................8

**PRELIMINARY STATEMENT**

Defendant City of New York ("City"), by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Amended Complaint brought by Dietmar Detering. Detering's arguments in opposition to the motion fail. Local Law 16 of 2024—which amended section 24-261 of the New York City Administrative Code, pertaining to the Noise Control Code—does not give citizen complainants a constitutionally protected property interest. Detering does not persuasively argue otherwise.

As Detering acknowledges, see, e.g., Opp'n Br. 5 n.2, after the City filed its Motion to Dismiss, the New York State Appellate Division, First Department decided Detering's appeal in state court that addressed many of the same issues presented here. See Detering v. N.Y.C. Env't Control Bd., No. 2024-04806, 2025 N.Y. App. Div. LEXIS 6808 (1st Dep't Dec. 2, 2025). The First Department affirmed each of the lower court's holdings. See id. at *2–4; see also Detering v. N.Y.C. Env't Control Bd., No. 159847/2023, 2024 N.Y. Misc. LEXIS 4392 (Sup. Ct. N.Y. Cnty. June 13, 2024).

Based on the state-court litigation, several claims here should be dismissed under issue preclusion or claim preclusion. See infra, at 2–4, 8; Fed. R. Civ. P. 8(c). As the other claims are meritless as well, the Court should grant the City's Motion to Dismiss.

**ARGUMENT**

**I. SEVERAL CLAIMS ARE BARRED BY ISSUE PRECLUSION.**

Detering does not, and cannot, refute that he lost several issues in state court identical to ones that he presented here, each of which he had a full and fair opportunity to litigate. He hardly attempts to undermine the City's argument that those claims are barred by issue preclusion. See Mot. to Dismiss 4–5.

To begin, the First Department held that the Noise Control Code does not create a contract between a citizen complainant and the City. Detering, 2025 N.Y. App. Div. LEXIS 6808, at *2. Next, the court held that Detering failed to show that he had a vested property interest in the summonses that he served, thereby prohibiting a Takings Clause or due process claim. Id. at *3. (explaining that "any right to recover does not inure to a citizen complainant's benefit until a proceeding is concluded and the City has collected the penalty").[1] Finally, the First Department held that "the alleged retroactivity of Local Law 16 does not violate due process, as it does not 'impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" Id. at *4 (quoting Regina Metro. Co. v. N.Y. State Div. of Hous. & Comm. Renewal, 154 N.E.3d 972, 988 (N.Y. 2020)).

Detering acknowledges that the First Department's decision precludes his Contracts Clause and breach-of-contract claims and has abandoned them. See Opp'n Br. 5 n.2. But he wrongly resists the preclusive effect of the First Department's decision on the Takings Clause and retroactivity questions. The appellate court's holdings in that regard, like the trial court's holdings, concerned the Noise Control Code's amendment itself rather than just the specific summonses that Detering challenged in state court. See Detering, 2025 N.Y. App. Div. LEXIS 6808, at *3–4 ("[Detering] fail[ed] to demonstrate the existence of a vested property interest and then demonstrate how the legislative amendment adversely impacts that property interest, sufficient to support the constitutional takings and due process violations asserted." (citation omitted)); Mot. to Dismiss 5. The identical Takings Clause and retroactivity issues were "necessarily decided" and

---

[1] The Office of Administrative Trials and Hearings ("OATH") is the City agency responsible for the administration of adjudicatory hearings, and the Environmental Control Board ("ECB") within OATH conducts the hearings themselves.

2

Detering was given a "full and fair opportunity" to contest them. D'Arata v. N.Y. Cent. Mut. Fire Ins. Co., 564 N.E.2d 634, 636 (N.Y. 1990).

Detering's response is that the opinions in state court addressed summonses that he is not challenging in the instant case. Opp'n Br. 5–6 (claiming that the City "explicitly disclaimed any preclusive effect on the summonses here"). That is misleading since the state litigation was a hybrid proceeding that included both a facial challenge to Local Law 16 and a challenge under Article 78 of the New York Civil Practice Law and Rules ("CPLR"), as the First Department recognized. See Detering, 2025 N.Y. App. Div. LEXIS 6808, at *1; Mot. to Dismiss 15 n.8.[2]

In sum, these claims should be rejected under issue preclusion.

## II. CHALLENGES TO THE VAST MAJORITY OF SUMMONSES ARE UNRIPE.

Detering has not requested any compensation for the vast majority of the summonses challenged—likely because OATH has only collected proceeds for so few of them. See, e.g., Am. Compl. § 71 (discussing his compensation request "where OATH has collected funds"); see also Am. Compl. Sched. A; Am. Compl. §§ 8–9 (explaining that the status of the summonses is "based on imperfect public data"). Regarding the vast majority of the summonses, Detering's monetary demands are not ripe. See Mot. to Dismiss 3–4.

Detering's responses are perplexing. He argues that "that courts should all but never be abstaining when jurisdiction exists." Opp'n Br. 4 n.4. But that misunderstands the City's argument. The City is not saying that the Court should abstain from exercising its jurisdiction, but rather that no jurisdiction exists to consider these unripe challenges. Detering also alleges there is no ripeness

---

[2] In further support of his erroneous argument, Detering selectively quotes from the City's oral argument before the First Department. See Opp'n Br. 5 ("[T]he OATH cases at issue here . . . are the cases for which summonses had been issued, but no hearing had yet been held."). Again, Detering's framing misses the point. Regarding the summonses, the state-court litigation indeed addressed only those that had been issued prior to an OATH hearing because those were the summonses that Detering challenged; however, Detering unambiguously challenged the constitutionality of Local Law 16 as well.

3

issue because he is challenging "the City's *policy*." Id. at 3 (emphasis in original). But Detering is not simply complaining about the City's policy. Indeed, Detering is seeking money damages for every summons that he lists, both paid and unpaid, even though he sometimes couches that claim as "an injunction requiring payment." See Am. Compl. §§ 94, 100, 105, 122. Finally, he erroneously claims support from a case about a state lien statute that is unrelated to constitutional ripeness. Opp'n Br. 3 (citing Cardenas v. N.Y.-Presbyterian Med. Grp./Queens, No. 22-7000, 2025 U.S. Dist. LEXIS 173780, at *5 n.1 (E.D.N.Y. Sep. 5, 2025)).

The Court should dismiss Detering's claims that he is owed payment for the 962 summonses.

### III. ALL CONTRACT AND QUASI-CONTRACT CLAIMS SHOULD BE DISMISSED.

While Detering agrees with the City that the Contracts Clause and breach-of-contract claims should be dismissed, see supra, at 3, he maintains that he plausibly pleaded a so-called "state-law quasi-contact/quantum meruit/unjust enrichment" claim. While the City respectfully suggests that the Court decline to exercise supplemental jurisdiction over any state-law claims if the Court dismisses Plaintiff's federal claims, this claim still should be dismissed if it is considered. See Mot. to Dismiss 16–17.

In Detering's view, the City "promised" him a certain amount of money "to induce him" to file Noise Control Code complaints. See Opp'n Br. 14–15. He "performed work in good faith," Detering continues, and then the City "accepted the services" and "kept what would otherwise have been Plaintiff's share of the recovery promised." Id. But Detering's description of offer, acceptance, and performance sounds in contract and is a misunderstanding of the citizen enforcement provision, N.Y.C. Admin. Code § 24-261. And just as Detering cannot establish a contract with the City without meeting certain statutory requirements, he cannot skirt those restrictions by reframing his claim as quasi-contractual. See Mot. to Dismiss 17. Detering also

4

does not seriously contest that the Amended Complaint fails to plead what costs he supposedly incurred.

The City's collection of fines from businesses that violate the Noise Control Code does not constitute unjust enrichment. The Court should reject this claim.

### IV. THE TAKINGS CLAUSE CLAIM SHOULD BE DISMISSED.

Detering's brief devotes six pages to the Takings Clause claim but never once addresses the City's argument that the claim must be dismissed due to issue preclusion. See Mot. to Dismiss 5. Just as all parties agree that the First Department's recent decision warrants dismissal of the contractual claims, see supra, at 3, that decision also has preclusive effect on Detering's Takings Clause claim. And even if this were not the case, the City's arguments for dismissal are correct and not rebutted by Detering's opposition brief.

Detering ignores a fatal flaw in the Amended Complaint: that citizen complainants can only recover penalties "*out of the proceeds collected*." N.Y.C. Admin. Code § 24-261(d), (e) (emphasis added);[3] Mot. to Dismiss 9–10. As the First Department held, Detering's alleged property interest is not "sufficient to support" a Takings Clause claim. Detering, 2025 N.Y. App. Div. LEXIS 6808, at *3; see also Mot. to Dismiss 12. "[Detering's] asserted rights are not vested but 'inchoate and subject to contingencies' because any right to recover does not inure to a citizen complainant's benefit until a proceeding is concluded and the City has collected the penalty, and because ECB is empowered to remit the penalty entirely." Detering, 2025 N.Y. App. Div. LEXIS 6808, at *3–4 (quoting Am. Econ. Ins. Co. v. State, 87 N.E.3d 126, 141 (N.Y. 2017)); see also Mot. to Dismiss 12. Detering's brief simply fails to address the holding that a citizen complainant

---

[3] The amended citizen enforcement provision used the same language as the previous version. See N.Y.C. L.L. 16/2024, § 1.

5

under the Noise Control Code has no vested property interest under state law, without which a litigant's Takings Clause claim fails. See Opp'n Br. 7–8 (discussing only whether his alleged property right was "as inchoate and contingent as a statute" from a different case); see also Mot. to Dismiss 8–9.

This claim should be dismissed.

## V. EVEN IF NOT PRECLUDED, THE RETROACTIVITY CLAIM SHOULD BE DISMISSED.

Although the First Department held that Local Law 16 is not unconstitutionally retroactive, see supra, at 3, Detering's brief proceeds as if that were an open question. It is not. See Detering, 2025 N.Y. App. Div. LEXIS 6808, at *4 (holding that "the alleged retroactivity of Local Law 16 does not violate due process"). Detering's sole basis for his argument—that a "change in the parties' rights for past conduct" is sufficient to state a claim, see Opp'n Br. 21—is inaccurate. The question is whether Local Law 16 "impair[ed] rights [he] possessed when he acted." See Regina Metro. Co., 154 N.E.3d at 988 (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994)). Local Law 16 did not do so. See N.Y.C. Admin. Code § 24-261(d), (e); Mot. to Dismiss 9–10; Detering, 2025 N.Y. App. Div. LEXIS 6808, at *3 ("[A]ny right to recover does not inure to a citizen complainant's benefit until a proceeding is concluded and the City has collected the penalty . . . .").

Although the Amended Complaint seemingly asserted that the City was barred from making a retroactivity argument because of issue preclusion, Detering now frames that principle as judicial estoppel. See Am. Compl. § 99; Opp'n Br. 19–21. No matter. A plaintiff's claim for relief, with the complaint's alleged facts accepted to be true, must be plausible in order to avoid dismissal. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Amended Complaint fails to state such a claim. And Detering's estoppel argument is misplaced anyway since estoppel is an

6

affirmative defense available to a party *responding* to a pleading. See Mot. to Dismiss 13 n.7; Fed R. Civ. P. 8(c).

As such, this claim should be dismissed.

## VI. THE BILL OF ATTAINDER CLAIM SHOULD BE DISMISSED.

Detering argues that claim preclusion does not apply to his bill of attainder claim because he could not have raised it in the earlier litigation. See Opp'n Br. 13. This is perplexing. The Amended Complaint states, "Local Law 16 was passed targeting Plaintiff and those like him personally." Am. Compl. § 75. And his state-court litigation challenged the constitutionality of that same legislation. See Mot. to Dismiss 15. Detering clearly could have raised the bill of attainder issue when he litigated in state court. Since he did not do so then, he is precluded from doing so here. Paramount Pictures Corp. v. Allianz Risk Transfer AG, 96 N.E.3d 737, 743 (N.Y. 2018)

As for the merits of the claim, Detering's reply brief further underscores that the Amended Complaint fails to state a bill of attainder claim. In response to the City's argument that Local Law 16 was a regulation of conduct rather than a punishment, Detering agrees that it was a "regulatory change." See id. at 15–16; Opp'n Br. 14. Yet, Detering also says that the Noise Control Code amendment "amounted to a punishment by requiring [him] to take on a debt for work performed." Opp'n Br. 14. That characterization is illogical. The citizen enforcement provision never required Detering to do any work and certainly did not make him incur debt. Detering's reply brief also fails to address two other defects with his claim: (1) that the City Council never determined him to be guilty of anything and (2) that a handful of alleged comments from one City Councilmember and a few non-legislative officials did not "reflect overwhelmingly a clear legislative intent to punish" him. See Mot. to Dismiss 14–16 (quoting Consol. Edison Co. of N.Y. v. Pataki, 292 F.3d 338, 354 (2d Cir. 2002)).

The Court should dismiss the bill of attainder claim.

### VII. THE CLAIM UNDER CPLR ARTICLE 78 SHOULD BE DISMISSED.

Detering's brief does not respond to two of the City's arguments supporting dismissal of the Amended Complaint's claim under Article 78. First, regarding the challenges to the nine summons that are ripe and timely, Detering does not dispute that no determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." See Mot. to Dismiss 18; N.Y. C.P.L.R. § 7802(a). Detering, therefore, has abandoned any argument that OATH acted irrationally or unreasonably. See Mot. to Dismiss 18–19, 19 n.9. He also never addresses the Amended Complaint's failure to name as a party any "body or officer" whose determination allegedly violated Article 78. See id. at 18; N.Y. C.P.L.R. § 7803(3). And rather than responding to the City's argument that the Court not exercise supplemental jurisdiction, Detering instead addresses Younger abstention, which the City's Motion never raised. See Mot. to Dismiss 17–19; Opp'n Br. 17.

While Detering addresses the statute of limitations bar for the remaining summonses, he draws the wrong lessons from the case law. See Opp'n Br 17–19. He acknowledges that he received payment for certain summonses more than four months before he filed the original federal complaint. See id. at 18–19; see also Mot. to Dismiss 18. But Detering claims that the statute of limitations clock did not begin when he received the payment because he "had not even begun administrative remedies or attempting to ameliorate the injury." Opp'n Br at 19. Of course, that reasoning would be at odds with the Amended Complaint's allegations, which (correctly) present the administrative determinations as final and binding. See, e.g., Am. Compl. ¶¶ 123–26. In reality, the challenges to those summonses are untimely because there was no mechanism for further review at OATH once the agency disbursed the payments to Detering. See Walton v. N.Y. State Dep't of Corr. Servs., 863 N.E.2d 1001, 1006 (N.Y. 2007); N.Y.C. Admin. Code § 24-244.

8

Detering's claims pursuant to Article 78 should be dismissed.

## CONCLUSION

For the reasons set forth above and in the City's Memorandum of Law in Support of the Motion to Dismiss the Amended Complaint, the City respectfully requests that the Court grant the Motion and dismiss the case in its entirety.

Dated:	New York, New York
	January 9, 2026

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for City of New York*
100 Church Street
New York, New York 10007
(212) 356-2633
smotel@law.nyc.gov

BY:
	*Seth A. Motel*
	Seth Motel
	Assistant Corporation Counsel

## **CERTIFICATION OF WORD-COUNT LIMITATIONS**

The portions of this document that must be included in a word count contain 2,679 words.

Dated: New York, New York
January 9, 2026

*Seth A. Motel*
Seth Motel
